OSCAR ANDERSON, PETITIONER-DEFENDANT, v. WALTER KIDDE CONSTRUCTORS, INC., RESPONDENT-PROSECUTOR.

Submitted May 1, 1945—Decided October 4, 1945.

Before Justices DONGES, HEHER and COLIE.

For the prosecutor, *John W. Taylor.*

For the defendant, *William F. Nies* and *William L. Vieser.*

The opinion of the court was delivered by

DONGES, J. This writ brings up a determination of the Hudson County Court of Common Pleas reversing a finding

of the Workmen's Compensation Bureau and holding that the petitioner employee was suffering from forty-five per cent. of total permanent disability as the result of an accidental injury admittedly sustained in the course of his employment by the prosecutor.

On July 16th, 1941, while employed by the prosecutor as a dockbuilder the defendant fell overboard and struck his head against an iron bulkhead. He was in the hospital for three days, returned to work and was again hospitalized for two weeks. He did not work until March, 1942, when he commenced work for another employer. He was paid temporary disability compensation for the July 16th, 1941, injury and was allowed in a settlement compromise ten per cent. of total permanent disability arising from that accident.

In 1939 defendant, while in the employ of another at similar work, had suffered a fall in which he also struck and sustained injuries to the head. As a result of that accident he was awarded compensation amounting to five per cent. of total permanent disability. In August, 1942, while working for a third employer he sustained an injury to his hand for which an award of compensation has been made. He has not worked since the 1942 accident, but there is no determination that he is presently totally disabled or unable to work.

The determination under review finds that the defendant is fifty per cent. totally and permanently disabled as the result of the first two accidents and that forty-five per cent. of the disability is attributable to the second accident either in direct effects or in aggravation of the condition left by the first accident. The effects of the third accident and injury to the hand then incurred are disregarded in arriving at this result. The contention of the employer is that the proofs do not support the judgment of the Common Pleas Court but rather support the holding of the Bureau to the effect that the evidence was insufficient and any award would have to be based upon conjecture. The resulting judgment awards the employee an additional thirty-five per cent. of total disability, the fifty per cent. found to exist less fifteen per cent. already paid, five per cent. as the result of the first accident and ten per cent. from the second.

To resolve the question presented recourse must be had to the medical testimony. Dr. Paul Keller had examined the defendant after his first accident and testified at that time that the disability was from five to ten per cent. of total and that five per cent. was a fair compromise. He again examined defendant for the purpose of testifying at the hearing in the present proceeding and found him complaining of headaches and dizziness, blurring of the vision, and chills and sweats. His objective findings were that defendant "shows a rather apathetic expression." He "has occasional head tremors" and "generalized tremors." He also found that "at times his head shakes. He has a slight swaying suggestive of a Romberg." He further testified that "There is no doubt at the present time he is suffering from a marked degree of either some organic pathology of the brain plus a marked psychoneurosis or a combination of both. There is no question in my mind that his disability is approximately fifty per cent. of total." And that "it does seem reasonable to attribute his present condition to a large extent to" the accident in question.

Dr. William Klein examined defendant on November 18th, 1942, and found that he had "an anxious look on his face. He creates the impression of having had a brain injury. He was restless in the office. His reflexes were diminished on the right, I believe. He had great tenderness on the left side of the skull in the temporal parietal region, and a slight stutter, and his other reflexes were normal." He examined defendant in October, 1943, and found that his stutter had increased and that he had developed the parkinsonian syndrome. His diagnosis was that he had a subdural hematoma with injury to the brain itself. He testified that there was a "direct relationship between the symptoms that he has now and the injury he sustained" in July, 1941, and further that the disability was around fifty to sixty per cent. of total.

Dr. M. Weinstock Bergman examined the defendant several times, on September 17th, 1941, March 9th, 1942, July 6th, 1942, and May 8th, 1943. He found defendant "highly nervous, he had huge tremors, generalized tremors; sluggish pupils, tenderness of the left frontal and right parietal regions

of skull." His "hearing was decreased in the left ear." He had poor hand grip on the left. He estimated the percentage of disability, disregarding the hand injury, at fifty per cent. of total.

Dr. Jack Blumberg testified for the prosecutor that his examination of the defendant led him to the conclusion that his disability amounted to fifteen per cent. of total attributable to the first and second accidents and divided about equally between them, since they were similar accidents. He found the defendant "somewhat tense, anxious and apprehensive. There was a slight blurring of the right optic disc outline but the left fundus was normal; he showed a few nystagmus movements of the eye. He had very definite tremors, exaggerated slightly on intense movement. A small amount of corneal hypesthesia was noted; pharyngeal reflex was normal, no Romberg or any abnormal reflexes."

While the testimony of the expert witnesses, particularly that given upon cross-examination, was not as positive and satisfactory as it might have been, it is to be borne in mind that the question of the extent of disability of an injured workman to carry on his occupation is always a difficult one. It cannot be reduced to mathematical certainty. It must be determined principally upon the opinion evidence of expert witnesses. The reasonable probabilities of the situation must prevail. Taking the testimony as a whole, we see no sound reason for rejecting the evidence of the three physicians who testified for the defendant. They concur in the view that defendant is suffering from fifty per cent. of total disability as the result of the first two accidents, and the one who was familiar with his condition before the second accident testified that five per cent. was fairly attributable to the first accident. The fact that defendant has not worked since the injury to his hand does not, of itself, discredit the witnesses' result.

Nor do we think there was any error in fixing the percentage of disability due to the accident in question at forty-five per cent. Dr. Keller's testimony furnishes sufficient basis for that finding.

Prosecutor contends that the judgment under review is based upon conjecture and surmise. Although based upon

opinion evidence, on which expert witnesses sometimes differ, we do not think the court below indulged in conjecture but that there is sufficient evidence to support the determination.

Prosecutor contends that the percentage should have been applied to a total of 400 weeks, under *R. S.* 34:15–12 (b), instead of 500 weeks, under *R. S.* 34:15–12 (w), relying upon *Townsend* v. *Hopatcong,* 129 *N. J. L.* 44. That case held that where the workman was 100 per cent. disabled and only part of the disability was attributable to the accident, the percentage was applied to 400 weeks, and that section (w) was applied only where there was partial disability. But in the instant case there is no adjudication of total disability. The man has not worked since the third accident but it has not been determined that he is unable to work. The court below in its opinion, in commenting upoh the evidence, said "The fact that after an injury to the appellant's hand, a year and a month after the injury now under consideration, he suffered complete disability, does not mitigate against the contention supported by testimony that the appellant was subject to a fifty per cent. disability of total after the second accident." This does not amount to a judgment of total disability. The order of judgment does not so hold, and, in fact, the evidence would not support a finding of total disability since his own physicians testified that he was still able to work. Therefore, the cited case has no application.

The judgment under review is affirmed, and the writ dismissed, with costs.